IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE AUSTIN RICE, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:18-cv-1206 |
| NALCO COMPANY, LLC d/b/a | § | |
| NALCO CHAMPION, AN ECOLAB | § | |
| COMPANY and TREY PERRYMAN, | § | |
|    *Defendants.* | § | |

## DEFENDANT NALCO COMPANY, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Nalco Company, LLC ("Nalco") files this notice of removal, to which Defendant Trey Perryman ("Perryman") joins and consents, and would respectfully show as follows:

### I.
### BACKGROUND AND RELEVANT FACTS

Defendants Nalco and Perryman were sued in the cause styled *George Austin Rice v. Nalco Company, LLC d/b/a Nalco Champion, an Ecolab Company and Trey Perryman*, Cause No. 2018-CI-17745, in the 288th district court for Bexar County, Texas. Plaintiff filed suit on September 25, 2018 and served Defendant Nalco on October 18, 2018. Defendant Perryman has also been served and joins and consents to this removal. This removal is timely because it was filed within thirty days from Plaintiffs' service of their initial pleading on Defendant Nalco. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has

then been filed in court and is not required to be served on the defendant, whichever period is shorter."); Fed. R. Civ. P. 6(a)(1).

Accompanying this notice of removal are (i) a completed civil cover sheet;[1] (ii) an index of all documents filed in the state court;[2] (iii) a copy of the state court docket sheet;[3] (iv) a copy of Plaintiff's Petition as served;[4] and (v) a certificate of interested persons.[5]

## II.
### BASIS FOR REMOVAL

This case is removable based upon diversity jurisdiction because (i) complete diversity of citizenship exists between the parties (both at the time of the lawsuit's filing and at the time of removal); (ii) the amount in controversy exceeds $75,000; and (iii) Defendants are not citizens of the forum state, Texas. 28 U.S.C. §§ 1332, 1441; *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005).

**A. There Is Complete Diversity of Citizenship Between the Parties, Because There Is No Avenue for Recovery Against Defendant Perryman, and He Is Thus Fraudulently Joined as a Defendant to Defeat Diversity Jurisdiction.**

A removing defendant must allege that diversity of citizenship existed at the time of the suit's filing and at the time of removal. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993).

Plaintiff is a natural person and was a citizen of Texas at all relevant times, including at the time the lawsuit was filed and at the time this notice of removal was filed.[6]

Defendant Nalco Company, LLC is a limited liability corporation, whose sole member, Nalco Holding Company, is—and at all times relevant, including at the time the lawsuit was filed and at the time this notice of removal was filed, was—a citizen of Illinois and Delaware (as

---

[1] *See generally* Ex. A, Civil Cover Sheet (Nov. 19, 2018).
[2] *See generally* Ex. B, State Court Filings Index (Nov. 19, 2018).
[3] *See generally* Ex. C, State Court Docket Sheet (Nov. 19, 2018).
[4] *See generally* Ex. D, State Court Filings Served Upon Defendant Nalco Company, LLC (Plaintiff's Original Pet. with Notice of Service (Oct. 18, 2018)).
[5] *See* Ex. E, Defendant's Corporate Disclosure Statement (Nov. 19, 2018).
[6] *See* Ex. D, Plaintiffs' Original Pet. at ¶ 3 (Sept. 14, 2018).

**DEFENDANT'S NOTICE OF REMOVAL**        **PAGE 2**

explained below). Thus, Nalco Company, LLC is also a Wisconsin and Delaware citizen, since it inherits its member's citizenship. *See Harvey*, 542 F.3d at 1080.

Nalco Holding Company is a corporation which at all relevant times, including at the time the lawsuit was filed and at the time this notice of removal was filed, was incorporated in Delaware with its principal place of business in Illinois, making it a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title — (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *Gu v. INVISTA S.a.r.l.*, 682 Fed. App'x 316, 317 (5th Cir. Mar. 20, 2017) ("A corporation is deemed to be a citizen of both any state in which it has been incorporated and any state where it has its principal place of business.").

Defendant Trey Perryman, who was a citizen of Texas, has been named as a defendant in this lawsuit despite the fact that he was in the course and scope of his employment with Defendant Nalco Company, LLC during the relevant events at issue in this matter. Because Defendant Perryman was an employee of Defendant Nalco, Mr. Perryman cannot be held individually liable for alleged negligence committed in the course and scope of his employment while at work. *See e.g., Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Texas law provides that while "an employer does have a duty to use ordinary care in providing a safe work place . . . [w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace." *Id.* "Thus, unless alter ego is established, corporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care." *Id.*

Plaintiff's claims in this case stem from an alleged on-the-job injury sustained by Plaintiff.[7] Plaintiff's claims against Nalco arise from Nalco's alleged failure to provide Plaintiff with a safe work environment.[8] Notably absent is any allegation that Mr. Perryman undertook, or was governed by, some independent duty beyond the course and scope of his employment with Nalco that would support the imposition of individual liability upon him.[9]

Because recovery is not possible against Mr. Perryman for any alleged negligent acts committed in the course and scope of his employment, he is not a proper defendant in this matter. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Because recovery by Plaintiff against Mr. Perryman is impossible, Mr. Perryman is not a proper defendant in this matter and cannot be used to defeat diversity jurisdiction. *See e.g., Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).; *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

Because all properly-joined persons on one side of the controversy are citizens of different states than all persons on the other side, complete diversity exists. *See Harvey*, 542 F.3d at 1079 ("Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'") (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

---

[7] *See* Ex. D, Plaintiffs' Original Pet. at ¶¶ 9–11, 13–15.
[8] *Id.*
[9] *Id.* at ¶¶ 16–18.

### B. Plaintiff's Claims Seek Recovery Exceeding the Amount in Controversy Requirement for Diversity Jurisdiction.

Plaintiff's live pleading seeks recovery of over $1 million, meeting the amount in controversy requirement that the sum at issue exceed 75,000.00.[10] *See* 28 U.S.C. §§ 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"), 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"); *Lopez v. Trujillo*, 475 B.R. 550, 555 (N.D. Tex. 2012) ("For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith").

In sum, this case is properly removed because (i) complete diversity exists among the parties, as Plaintiff is a Texas citizen, while the sole properly-joined Defendant is a citizen of Delaware and Illinois, and (ii) the amount in controversy (over $1 million) exceeds the Court's jurisdictional threshold. Finally, all Defendants have consented to removal as required under federal law.[11] Thus, removal is appropriately premised on diversity jurisdiction.

**WHEREFORE, PREMISES CONSIDERED**, moving Defendant Nalco Company, LLC and consenting Defendant Trey Perryman request that this Court assume full jurisdiction over the cause herein on the basis of diversity of citizenship.

---

[10] *See* Ex. D, Plaintiffs' Original Pet. at ¶ 2.
[11] *See* Ex. F, Defendant Trey Perryman's Notice of Consent and Joinder in Removal by Defendant Nalco Company, LLC, which has also been filed separately with the Court.

Respectfully submitted,

*/s/ Brian Rawson*
**BRIAN RAWSON**
State Bar No. 24041754
brawson@hdbdlaw.com
**STEPHANIE J. ROARK**
Texas Bar No. 24070498
sroark@hdbdlaw.com
**ROY B. MCKAY**
State Bar No. 24071171
rmckay@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
(214) 369-2100 – Telephone
(214) 369-2118 – Facsimile

AND

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 N. Shoreline Blvd., Suite 2000, North Tower
Corpus Christi, Texas 78401
Telephone:  (361) 866-8000
Facsimile:  (361) 866-8039

**ATTORNEYS FOR DEFENDANTS
NALCO COMPANY, LLC AND
TREY PERRYMAN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system on November 19, 2018.

*/s/ Brian Rawson*
**BRIAN RAWSON**